UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:19cv81553

**IRENE MIRAND,**

    **Plaintiff,**

v.

**TROPICAL SELF STORAGE OF STUART, LLC,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, Irene Mirand ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, Tropical Self Storage, of Stuart, LLC ("Defendant") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Venue is proper in this Court through Defendant's commission of unlawful policies and practices within this district and division.

## PARTIES

4. At all times material hereto, Plaintiff Irene Mirand was, and continues to be a resident of St Lucie County, Florida.

5. At all times material hereto Defendant, Tropical Self Storage of Stuart, LLC, was, and continues to be a Florida business. Further, at all times material hereto, Defendant, Tropical Self Storage of Stuart, LLC, was, and continues to be, engaged in business in Martin County, Florida.

6. At all times material hereto, Plaintiff was "employee" of Defendant within the meaning of FLSA.

7. Plaintiff was, and is, at all material times, a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

9. At all times material hereto, Defendant was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

10. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

11. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. On or about April 9, 2019, Plaintiff Irene Mirand was hired by Defendant to work at the front desk of it'self storage business. Plaintiff's job duties were primarily customer service.

15. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

16. From at least April 9, 2019, and continuing through July 30, 2019, Defendant failed to compensate Plaintiff at the rate of one and one-half times Plaintiff' regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff' regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

17. Documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff are in the possession and custody and control of Defendant.

18. Defendant has violated Title 29 U.S.C. §207 from at least April 9, 2019 and continuing through July 30, 2019, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff' regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendant has failed to maintain proper time records as mandated by the FLSA.

19. Plaintiff has retained the law firm of ROSENTHAL, LEVY, SIMON & RYLES, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## <u>OVERTIME COMPENSATION</u>

20. Plaintiff re-alleges and reavers paragraphs 1 through 20 of the Complaint as if fully set forth herein.

21. From at least April 9, 2019 and continuing through on or about July 30, 2019, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff were not compensated at the statutory rate of one and one-half times Plaintiff' regular rate of pay.

22. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff' regular rate of pay for those hours worked in excess of forty (40) hours.

23. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

24. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff' regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

25. Defendant has failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

26. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor against

Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due her for Plaintiff' time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief the Court deems just and proper.

WHEREFORE, Plaintiff similarly situated employee who has or will opt into the action demands that judgment be entered against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §207, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation due them for hours worked by her, but for which they have not been properly compensated;

    c. Awarding Plaintiff liquidated damages;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

   f.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this ____ day of November, 2019.

        Respectfully submitted,

        **ROSENTHAL, LEVY & SIMON, P.A.**
        1401 Forum Way, Suite 600
        West Palm Beach, Florida 33401
        Telephone: (561) 478-2500
        Facsimile: (561) 478-3111
        Email: aaronson@rosenthallevy.com
        Email: dwhite@rosenthallevy.com

        _____
        ALAN M. ARONSON, ESQ.
        Florida Bar No.: 895997